FILED
SUPERIOR COURT
OF GUAM

2019 MAR -6 AM 10: 23

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KORASAN LLC dba MODA GINO'S, <br><br> Plaintiff, <br><br> vs. <br><br> PAUL'S GUAM, INC., PICHET "PAUL" SACHDEJ, and AMARJIT "JIM" SACHDEV, <br><br> Defendants. | Superior Court Case No. **CV0755-17** <br><br> **DECISION AND ORDER RE FEES AND COSTS** |

This Court's January 3, 2019 Decision and Order allowed Plaintiff Korasan LLC dba Moda Gino's and Defendants Paul's Guam Inc., Pichet "Paul" Sachdej, and Amajit "Jim" Sachdev's (collectively, "PGI") to file a statement of reasonable attorney's fees and expenses related to various discovery motions. After considering the statements, the Court GRANTS IN PART and DENIES IN PART each party's request.

### I.   PROCEDURAL HISTORY

The Court incorporates the procedural background discussed in its January 3, 2019 Decision and Order.  That decision granted in part and denied in part Korasan's Motion to Compel, and denied PGI's Motion to Enforce and Korasan's Motion to Vacate Discovery Cutoff. Dec. and Order at 7 (Jan. 3, 2019).  The Court allowed the parties to submit their statements supporting their claims for attorney's fees and expenses.

### II.   DISCUSSION

ORIGINAL

Guam's discovery rules generally require the party whose motion was denied to pay the opposing party's incurred expenses, including attorney's fees, absent a finding that the motion was substantially justified or that other circumstances exist which would make an award of expenses unjust. *See* GRCP 37(a)(4)(B).

**A. PGI's Motion to Enforce**

The Court found PGI's Motion to Enforce to be an "inappropriate attempt to present further arguments in support of [the] positions" it had espoused in its Opposition to Korasan's Motion to Compel and therefore denied the motion on that basis. Dec. and Order at 5. Because PGI's Motion to Enforce was denied, it is liable for Korasan's attorney's fees unless it can show that its Motion was substantially justified or other circumstances exist which make an award of expenses unjust. GRCP 37(a)(4)(B). In line with its prior finding that the Motion was inappropriate and unnecessary, the Court finds that the Motion to Enforce was neither substantially justified nor did circumstances exist that would make an award of expenses unjust. Accordingly, PGI must pay Korasan's reasonably incurred attorney's fees opposing the Motion.

Korasan requests the Court grant a total of $11,571.25 for work done in connection with Korasan's Motion to Compel and Korasan's Opposition to Defendants' Motion to Enforce. Pl.'s Statement of Fees at 1 (Jan. 18, 2019). Because this amount reflects work done for both motions, the Court must evaluate the work and fees separately. Solely analyzing the work done for Korasan's opposition to PGI's Motion to Enforce at $250.00 an hour, the Court has calculated a total of 18.85 hours expended on work related to opposing the Motion, a total of $4,253.73 in attorney's fees. Pl.'s Decl. Counsel, Ex. 1 (Jan. 18, 2019). Korasan's counsel's $250.00 hourly fee is within the range witnesses testified to the Guam Legislature private law firms on Guam typically bill their clients. *See* 5 GCA § 30201 ("In recent hearings before *I Liheslaturan*

*Guåhan*, witnesses have testified that private law firms currently bill their clients from Two Hundred Dollars ($200) to Three Hundred Fifty Dollars ($350) per hour"). Accordingly, the Court finds Korasan's hourly fee to be reasonable and finds that PGI must pay Korasan a total of $4,253.73 in attorney's fees.

### B. Korasan's Motion to Vacate Discovery Cutoff

The Court similarly denied Korasan's Motion to Vacate Discovery Cut-off. It found the motion to be a "further attempt to conduct discovery" and a failure on Korasan's part to demonstrate "the requisite diligence to justify more time to conduct expert discovery." Dec. and Order at 5-6. Keeping in mind its prior findings as well as its prior reasoning regarding denied motions, the Court finds that Korasan must pay PGI's reasonably incurred attorney's fees in opposing Korasan's Motion to Vacate Discovery Cutoff.

According to PGI, it incurred a total of $6,781.60 in costs related to opposing Korasan's Motion to Compel and Korasan's Motion to Vacate Discovery Cutoff. Def.'s Statement of Reasonable Expenses at 6 (Jan. 18, 2019). Again, this amount reflects work done for two motions and therefore the Court must consider the work and fees for each motion separately. In reviewing the hours expended towards opposing Korasan's Motion to Vacate Discovery Cutoff, the Court finds that Attorney Taitano expended a total of three hours, plus $4.00 worth of printing charges. Attorney Taitano's rate for legal services is $300.00 per hour, which is again within the range witnesses testified to the Guam Legislature is typical for firms to bill their clients on Guam. *See* 5 GCA § 30201. Finding $300.00 per hour reasonable, PGI's total for work done opposing the Motion is $904.00. Korasan must therefore pay $904.00 in attorney's fees and costs to PGI.

### C. Korasan's Motion to Compel

ORIGINAL

The Court granted in part and denied in part Korasan's Motion to Compel. The Court granted Korasan's Motion with respect to financial statements and economic data relied on by PGI's expert, Request Nos. 10, 11, 12, 13, and 7, and any of PGI's tax returns relied on by PGI's expert to form his expert opinion. Dec. and Order at 3-5. The only part of the Motion the Court denied involved Korasan's request for PGI's net worth in order to establish its award for punitive damages. It still granted this request insofar it was used by PGI's expert to create his report.

Because Korasan's Motion to Compel was granted in part and denied in part, the Court "may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." GRCP 37(a)(4)(C). Since the Motion was essentially granted, the Court, in its discretion, analyzes the Motion as if it were granted.

In situations where a court grants a motion, the court may require the party whose conduct necessitated the motion pay any relevant fees "unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." GRCP 37(a)(4)(A). Both parties acquiesce that each made a good faith effort to obtain discovery without court action, so that is not at issue here. *See* Mot. Compel at 5; *see* Def.'s Opp'n at 12. Instead, the Court must determine whether PGI's alleged nondisclosure was substantially justified or if other circumstances exist which make an award of expenses unjust.

Guam case law does not define the standard for "substantially justified," so this Court looks to other courts for guidance. "Whether opposition to a motion to compel is substantially justified depends on the circumstances of the particular case." *Transcontinental Fertilizer Co.* v. *Samsung Co., Ltd.*, 109 F.R.D. 650, 653 (E.D.Pa. 1985); *Cuno, Inc. Pall Corp.*, 117 F.R.D. 506,

509 (E.D.N.Y.1987); *Alvarez v. Wallace*, 107 F.R.D. 658, 662 (W.D.Tex.1985). The Supreme Court of the United States recognized "substantially justified" within the context of Federal Rule of Civil Procedure 37(a)(4) and the Equal Access to Justice Act to be "satisfied if there is a 'genuine dispute,'...or 'if reasonable people could differ as to [the appropriateness of the contested action]...'" *Pierce v. Underwood*, 487 U.S. 552, 108 (1988) (internal citations omitted).

Here, PGI contends that it fully disclosed all materials used by its expert to Korasan on June 11, 2018. Def.'s Opp'n at 12. Korasan asserts PGI's expert used other documents, but because the Court has since held that any documents not produced but relevant to PGI's expert's report will not be permitted at trial, the Court must take PGI's assertion of full disclosure at face value. The parties disputed the extent to which PGI's expert relied on certain documents, which makes PGI's response was substantially justified. Accordingly, the Court denies each party's reasonable attorney's fees associated with Korasan's Motion to Compel.

## III. CONCLUSION

The Court GRANTS Korasan $4,253.73 for its work related to opposing PGI's Motion to Enforce. The Court GRANTS PGI $904.00 for its work in opposing Korasan's Motion to Vacate Discovery Cutoff. Also, the Court DENIES either party attorney fees accrued due to Korasan's Motion to Compel.

SO ORDERED this 6th day of March 2019.

*[signature]*

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
*[handwritten]*
Date: 3/6/19
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:     Daniel J. Berman for Korasan LLC dba Moda Gino's
Carlos L. Taitano for Paul's Guam, Inc., Pichet "Paul" Sachdej, and Amarjit "Jim" Sachdev

ORIGINAL